MACDONALD v. POTTER.

(Supreme Court, Special Term, New York County.   December 26, 1907.)

1. MORTGAGES—CONSTRUCTION—MATURITY.

A mortgage provided for payment of $93,000 on June 27, 1907; both bond and mortgage declaring that the obligors should pay $7,000 on account of the principal on the 27th day of June each year until the principal should be fully paid, the first of the installments to be made on June 27, 1905, and in the event of any installment remaining due and unpaid for 30 days the whole should become due, at the option of the holder. *Held,* that the clause as to the payment of the $7,000 installments did not extend the time of the payment of the principal, the whole of which became due June 27, 1907.

2. ACCORD AND SATISFACTION—PAYMENT ON ACCOUNT.

Defendants owed a mortgage on which a balance of $78,000 was due, which also provided for payments in installments of $7,000 a year. Defendants, on or about the date the balance matured, sent plaintiffs a check for $7,000, "being installment of principal under terms of mortgage due June 27, 1907." Plaintiffs stated that they would apply it to the payment in full of balance of the mortgage, but insisted that the entire balance was due and should be paid. *Held,* that the payment was for an installment of the principal only, and did not, therefore, constitute an accord and satisfaction.

Action by Ranald H. MacDonald against Howard Nott Potter. Judgment for plaintiff.

Harold Swain, for plaintiff.

Parsons, Closson & McIlvaine, for defendant.

NEWBURGER, J.   The mortgage sought to be foreclosed provides for the payment of the sum of $93,000 on the 27th day of June, 1907, with interest.   The bond and mortgage provided:

"And it is hereby expressly agreed that the said obligors will pay the sum of $7,000 on account of the principal hereof on the 27th day of June in each and every year until said principal shall be fully paid, the first of which payments to be made on the 27th day of June, 1905; and, in the event of any such installment of principal remaining due and unpaid for the period of 30 days, then and in that case the whole amount owing hereunder shall become due at the option of the holder hereof."

The defendant contends that the true construction of this clause is that the mortgage shall be payable only in installments at the rate of $7,000 a year.   There is no ambiguity in the language used.   The amount of the principal became due on the 27th day of June, 1907. The clause as to the payment of $7,000 on account of the principal did not extend the time of the payment of the principal.

The defendant, however, claims that by reason of the retention of the defendant's check of $7,000 there was an accord and satisfaction. It appears that in June, 1907, the defendant wrote the following letter, with a check for $7,000:

"Dear Sir: I inclose herewith my check, dated the ——— day of June, 1907, for $1,755 on the Thirty-Fourth Street National Bank, to your order, being six months' interest due June 27, 1907, on your mortgage on The Warrington.   I also inclose my check, dated the ——— day of June, for $7,000 on Messrs. E. C. Potter & Co., to your order, being installment of principal under terms of said mortgage due June 27, 1907.   Kindly note these payments on the bond as heretofore.

"Yours truly,                                          H. N. Potter."

On the 1st of July plaintiff replied by the following letter:

"New York, July 1, 1907.

"Mr. Howard Nott Potter, Care of Messrs. Snelling & Potter, No. 1170 Broadway, City—Dear Sir: We beg to acknowledge receipt of your check for $1,755, being six months' interest to June 27, 1907, on $78,000, balance of second mortgage secured by premises Nos. 161–163 Madison avenue, New York City. Also we acknowledge receipt of your check for $7,000, which amount we will apply to the payment in full of said balance of mortgage. There seems to be a misunderstanding on your part regarding the terms of this mortgage, which was due and payable June 27, 1907. As the mortgage is past due, we must insist upon its payment in full.

"Very truly yours,       Ranald H. Macdonald & Co."

On the 8th day of July, seven days later, defendant, through his attorney, wrote the following letter:

"July 8, 1907.

"Messrs. Ranald H. Macdonald & Co., No. 29 West 34th Street, New York City—Dear Sirs: Your letter of the 1st inst. to Mr. Howard N. Potter, who has been absent from the city, has been referred to us. The check for $7,000 was sent you in payment of the installment of that amount which became due on June 27, 1907, in accordance with what we understand from Mr. Potter was the agreement. Mr. Macdonald will recognize that he cannot keep the money and decline to observe the terms on which it is paid.

"Very truly yours,       Parsons, Closson & McIlvaine."

To this plaintiff did not reply. It will be clearly seen from a reading of defendant's letter inclosing the check that the payment was for an installment of principal under the terms of the mortgage, and was not an accord and satisfaction as is contended by the defendant. The principal became due on the 27th day of June, 1907, and, as the defendant paid the sum of $7,000 on account of principal pursuant to the terms of the mortgage, plaintiff had a perfect right to retain the amount and credit the defendant with such payment.

Judgment for the plaintiff.